IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAREEM D. MITCHELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-248-RGA |
| | : | |
| DETECTIVE ROSWELL, et al., | : | |
| | : | |
| Defendants. | : | |

Hareem D. Mitchell, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se
Plaintiff.

## MEMORANDUM OPINION

May $\mathcal{3}$ , 2013
Wilmington, Delaware

Richard G. Andrews

**ANDREWS, U.S. District Judge:**

Plaintiff Hareem D. Mitchell, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

According to the Complaint (D.I. 3), Plaintiff was arrested on March 17, 2012. During the arrest he was struck by a bullet fired by a Dover police officer. The police officers on the scene "took no notice" of his injuries and transported him to the Dover Police Department. There, he was stripped of his clothing, provided a tissue gown, and placed in a holding cell. Later, he was processed on multiple charges. Police officers took photographs of his injury but did not offer any medical attention. Plaintiff's legal theory is thus that the police officers' actions, including those of Defendant Detective Roswell and four non-defendant officers, violated his constitutional rights by subjecting him to physical abuse, verbal abuse, and mental abuse.

Plaintiff was transported to the Vaughn Correctional Center and screened by a Correct Care Solutions nurse. Plaintiff advised the nurse that he had been struck while under fire. The nurse examined the site, told Plaintiff that the injury was superficial, and bandaged the area. Due to the criminal charges, the Plaintiff became depressed, but once he began to recover, sought medical attention for the bullet wound through Correct Care Solutions. Plaintiff requested a double mattress because of back pain at the bullet site, and he submitted several sick call slips complaining of back pain. Plaintiff's lower back was x-rayed in June 2012. The x-rays were reviewed by an

outside physician at the request of Defendant Dr. Louise Derosiers. Dr. Derosiers refuses to take any further steps to treat his condition.

The bullet wound reopened on December 15, 2012. Plaintiff was seen by Dr. Derosiers on December 19, 2012, and received daily dressings for seven days. He was advised to seek further treatment via sick call requests. The wound remains open. A physician has identified "metallic density" at the location of the wound, and a physical therapist states the injuries are beyond his "capabilities." Plaintiff's legal theory is that the medical defendants have denied him proper medical care. Finally, Plaintiff further alleges that Defendant Warden Perry Phelps is responsible for his "maltreatment." Plaintiff seeks injunctive relief and compensatory damages of about $200,000,000.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is

2

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

3

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff names as a defendant the Delaware Department of Correction. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Rodriguez v. Stevenson,* 243 F. Supp. 2d 58, 63 (D. Del. 2002). In addition, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Further, a state agency, such as the Delaware Department of Correction, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the

4

Delaware Department of Correction will be dismissed as a defendant as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

Plaintiff has sued Warden Phelps under a respondeat superior theory because he is the person "who is responsible [for] the care administered within his institution." (D.I. 3, at 5). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *Id.*

5

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (as quoted in *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the [directions] and the specific deprivation of constitutional rights at issue." *Id.* at 130 (internal quotation marks omitted). The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *Id.* at 130 n.8; *see, e.g., Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 70 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether *Iqbal* eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so in order to dispose of the appeal then before us.").

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such

6

policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks,* 885 F.2d 1099, 1117-18 (3d Cir. 1989).

Plaintiff provides no specific facts how Warden Phelps violated his constitutional rights, that he expressly directed the deprivation of his constitutional rights, or that he created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Accordingly, the Court will dismiss the claims against Warden Phelps for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the claim against Warden Phelps.

Plaintiff alleges that Detective Roswell verbally assaulted him at the time of his arrest when he screamed in his face and threatened him with physical abuse. Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott,* 347 F. App'x 731 (3d Cir. 2009). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

Plaintiff's claims of verbal abuse or harassment, are not cognizable under § 1983. Therefore, the Court will dismiss the claims against Detective Roswell as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

7

Plaintiff has alleged what appears to be cognizable medical needs claims against Correct Care Solutions and Dr. Derosiers and will be allowed to proceed with the medical needs claims.  Plaintiff will be given leave to amend his claim against Warden Phelps.

An appropriate order will be entered.