IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAREEM D. MITCHELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-248-RGA |
| | : | |
| CORRECT CARE SOLUTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

Hareen D. Mitchell, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se
Plaintiff.

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, LLC, Wilmington, Delaware.
Counsel for Defendants.

## MEMORANDUM OPINION

December *10* , 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Hareem D. Mitchell, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed with medical needs claims against medical Defendants Correct Care Solutions, LLC and Dr. Louise Desrosiers. (*See* D.I. 7, 8) They move to dismiss (D.I. 13, 14) the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes (D.I. 15) the motion.

The complaint alleges that when Plaintiff was arrested on March 17, 2012, he was struck by a bullet fired by a Dover police officer. Following his arrest, Plaintiff was transported to the Vaughn Correctional Center and screened by a CCS nurse. The nurse examined Plaintiff and advised him that the injury was superficial. She bandaged the area.

Later, Plaintiff sought medical attention for the wound through CCS. He sought a double mattress due to back pain at the bullet site and submitted several sick call slips complaining of back pain. Plaintiff's lower back was x-rayed in June 2012 and reviewed by an outside physician at the request of Dr. Desrosiers. Plaintiff alleges that Dr. Desrosiers refused to take any further steps to treat his condition. The wound reopened on December 15, 2012 and, on December 19, 2012, Plaintiff was again seen by Dr. Desrosiers. He received daily dressings for seven days and was advised to seek further treatment via sick call requests. The wound remains open.

A physician identified "metallic density" at the location of the wound, and a physical therapist states the injuries are beyond his "capabilities." Plaintiff's legal theory

is that the medical defendants have denied him proper medical care. He seeks injunctive relief and compensatory damages of about $200,000,000.

Defendants move for dismissal (D.I. 13) pursuant to Rule 12(b)(6) on the grounds that the complaint fails to state a claim as a matter of law. Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement

2

to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

CCS moves for dismissal on the grounds that the complaint fails to allege that it employed policies or customs that caused a constitutional violation. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *See Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). In order to establish that CCS is directly liable for alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

3

The complaint fails to allege a CCS custom, practice, or policy that caused Plaintiff's alleged constitutional violation and, therefore, fails to state a claim against it. Accordingly, the Court will grant CCS' motion to dismiss. Plaintiff, however, will be given leave to amend.

Dr. Desrosiers argues that dismissal is appropriate on the grounds that the complaint does not sufficiently allege a constitutional claim for deliberate indifference to a serious medical need. She takes the position that the complaint alleges that Plaintiff received medical treatment, but that it was inadequate and/or malpractice, sounding only in tort.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are

4

not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

The complaint alleges that Plaintiff was x-rayed at the request of Dr. Desrosiers, and he was treated by Dr. Desrosiers during December, but the wound reopened and remains open, and Dr. Desrosiers has refused to take further steps to treat the wound. Liberally construing the complaint as it must, the Court finds that Plaintiff has adequately pled a medical needs claim with regard to Dr. Desrosiers. Therefore, the Court will deny the motion to dismiss the medical needs claims raised against Dr. Desrosiers pursuant to 42 U.S.C. § 1983.

Finally, Defendants move to dismiss medical negligence claims to the extent they are raised by Plaintiff. Plaintiff responds that he makes no claims under Delaware law, 18 Del. C. § 6853. Accordingly, the Court will grant the motion to dismiss to the extent that the complaint raises claims under Delaware law.

For the above reasons, the Court will grant in part and deny in part Defendants' motion to dismiss (D.I. 13). The Delaware state claims and the claims raised against CCS pursuant to § 1983 will be dismissed. Plaintiff has raised a cognizable medical

5

needs claim against Dr. Desrosiers. Plaintiff will be given leave to file an amended complaint to correct pleading deficiencies.

An appropriate order will be entered.