IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HAREEM D. MITCHELL, :
        Plaintiff, :
v. : Civ. No. 13-248-RGA
CORRECT CARE SOLUTIONS, et al., :
        Defendants. :

Hareem D. Mitchell, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

Daniel A. Griffith, Esq., and Scott G. Wilcox, Esq., Whiteford, Taylor & Preston, LLC, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 31, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Hareem D. Mitchell, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). Plaintiff proceeds with constitutional medical needs claims against Defendants Correct Care Solutions, LLC and Dr. Louise Desrosiers, all other claims and defendants having been dismissed. (*See* D.I. 3, 22). Defendants move for summary judgment, and Plaintiff opposes the motion. (D.I. 37, 38, 39).

Plaintiff alleges that when he was arrested on March 17, 2012, he was struck by a bullet. Following his arrest, Plaintiff was transported to the Vaughn Correctional Center and screened by a CCS nurse. The nurse examined Plaintiff and advised him that the injury was superficial. She bandaged the area. Later, Plaintiff sought medical attention for the wound through CCS. He also sought a double mattress due to back pain at the bullet site and submitted several sick call slips complaining of back pain. (*See generally* D.I. 7 at 2).

Plaintiff's lower back was x-rayed in June 2012 and reviewed by an outside physician at the request of Dr. Desrosiers. (*Id.* at 3). Plaintiff was advised by medical personnel that there was a metal fragment located in his lower spine, but the pain experienced by Plaintiff was due to "curvature." (D.I. 22 at 2). Plaintiff was further advised that due to cost, as well as the fragment's location to the spine, surgery might present complications and surgery was "not likely." (*Id.*) Plaintiff alleges that Dr. Desrosiers refused to take any further steps to treat his condition. (D.I. 7 at 3). The wound reopened on December 15, 2012 and, on December 19, 2012, Plaintiff was again seen by Dr. Desrosiers. (*Id.*) He received daily dressings for seven days and

was advised to seek further treatment via sick call requests. (*Id.*) Plaintiff's legal theory is that the medical defendants have denied him proper medical care. (*Id.*).

Defendants seek summary judgment on the grounds that Plaintiff presents no evidence, expert or otherwise, to support his claim that they were deliberately indifferent to his serious medical needs. In addition, they seek summary judgment on the grounds that Plaintiff failed to produce any evidence of a policy or custom by CCS that violated Plaintiff's constitutional rights.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "could affect the outcome" of the proceeding. *See Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. *Id.* Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* If the nonmoving party fails to make a sufficient showing on an

2

essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

It appears that Plaintiff was a pretrial detainee during some, or all of, the relevant time. As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords Plaintiff protection for his medical needs claim. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976). *See Natale v. Camden Cnty. Correc. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582. Serious medical needs are those that have been diagnosed by a physician as requiring treatment, or that are so obvious that a lay person would recognize the necessity for medical attention, or that, if untreated, would result in a lifelong handicap or permanent loss. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference requires more than mere negligence or lack of due care. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To demonstrate deliberate indifference, the plaintiff must demonstrate that the defendant was "subjectively aware

3

of the risk" of harm to the plaintiff. *Farmer*, 511 U.S. at 828-29. The plaintiff must allege acts or omissions that are sufficiently harmful to offend "evolving standards of decency." *Estelle v. Gamble*, 429 U.S. at 106. "Mere medical malpractice cannot give rise to a violation of the Eighth Amendment." *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990).

*Respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983. Thus, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories. *See Natale*, 318 F.3d at 583-84. In order to establish that CCS is directly liable for alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Id.* at 584.

Defendants argue that discovery has closed, and Plaintiff failed to present any evidence that they acted with deliberate indifference when treating him. Plaintiff opposes the motion and argues that Defendants refused to treat him beyond offering an occasional band-aid. Plaintiff refers to his medical records but did not provide them for the Court's review.

The docket in this case indicates that Defendants propounded discovery upon Plaintiff, but Plaintiff did not propound discovery upon Defendants. (*See* D.I. 28, 29, 34, 35, 36). In his answers to Defendants' interrogatories, Plaintiff states that after he was admitted to the VCC and reviewed by CCS staff, he was eventually scheduled for an x-ray of the lower back and all care was ordered by Dr. Desrosiers. (D.I. 35 at 4 [answer to interrog. 7]). He states that Defendants became aware of his condition on June

4

2012, when an x-ray identified a projectile object of metallic substance. (*Id.* [answer to interrog. 9]). Plaintiff states that, during the relevant time period, Dr. Desrosiers controlled his treatment and prevented an appropriate remedy. (D.I. 35 at 5 [answer to interrog. 11]). He states that, per CCS, Dr. Desrosiers indicated the only medical remedies available were Tylenol and dressing changes. (*Id.* [answer to interrog. 12]). Plaintiff states that the refusal to provide treatment resulted in an open wound for ninety days. (*Id.* [answer to interrog. 13]). Plaintiff feels that he should have been provided medical treatment in the form of "abstraction of metallic object" and "wound care." (*Id.* [answer to interrog. 15]). Plaintiff did not identify any medical professional who advised him that the medical treatment he desires is necessary. (*Id.* [answer to interrog. 16]).

Dr. Desrosiers argues that summary judgment is appropriate on the grounds that there is no evidence of deliberate indifference and that Plaintiff's claims amount to nothing more than a disagreement over the medical care provided him. According to Plaintiff's allegations, he was told that surgery was contraindicated given the location of the metallic fragments. Also, according to the allegations, Plaintiff was provided medical care for his wound in the form of pain medication and dressings. When asked in interrogatories about his medical care, Plaintiff answered that he felt he should have been provided medical care in the form of removal of the metallic object and associated wound care but did not identify any medical personnel who disagreed with the medical treatment he was provided. The scant evidence of record, rather than offering evidence of deliberate indifference, indicates that Plaintiff was provided medical care and treatment, albeit not to his liking. Accordingly, the Court will grant Defendants' motion for summary judgment.

5

In addition, with regard to CCS, in order to establish that it is directly liable for any alleged constitutional violations, Plaintiff must provide evidence that there was a relevant policy or custom, and that the policy caused the alleged constitutional violations. Because the Court has concluded that there was no violation of Plaintiff's constitutional rights, CCS cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating Plaintiff's rights. *See Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (policy makers not liable for prison medical staff's alleged deliberate indifference to prisoner's serious medical needs where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights).

As discussed above, Plaintiff offered no evidence to support his medical needs claim. His "complete failure of proof" on the elements of his claims entitle Defendants to summary judgment. *See Celotex Corp.*, 477 U.S. at 323. Based upon the evidence of record, no reasonable jury could find in favor of Plaintiff. Therefore, the Court will grant Defendants' motion for summary judgment. (D.I. 37).

An appropriate order will be entered.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

6